IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EL RINCON REGIO, LLC<br>*Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION NO. 7:23-cv-112 |
| MAXUM INDEMNITY COMPANY and<br>JESSICA P. LOPEZ<br>*Defendants.* | § § § § § § | |

_____

**MAXUM INDEMNITY COMPANY'S
NOTICE OF REMOVAL**
_____

Defendant Maxum Indemnity Company ("Maxum"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action: Cause No. C-4767-22-J, *El Rincon Regio, LLC v. Maxum Indemnity Company and Jessica P. Lopez,* In the 430th Judicial District Court of Hidalgo County, Texas. In support of this Notice of Removal, Maxum respectfully submits the following.

1.  On December 12, 2022, El Rincon Regio, LLC ("Plaintiff") commenced a state court action by filing its Original Petition (the "Complaint"), in the 430th Judicial District Court of Hidalgo County, Texas. Plaintiff's Complaint names Maxum and Jessica Lopez as the only Defendants. Maxum was not formally served with the lawsuit. Maxum received a copy of the lawsuit in an email dated March 6, 2023.[1] Maxum answered Plaintiff's Original Petition on March 10, 2023. Maxum then filed a Notice of Election of Responsibility for Defendant Jessica P. Lopez

---

[1] Exhibit A.

on April 3, 2023.[2] Maxum also provided letter notice of the election of liability for Defendant Jessica P. Lopez to Plaintiff's Counsel on April 3, 2023.[3]

2. Maxum has requested certified copies of all process, pleadings, and orders from the 430th Judicial District Court of Hidalgo County.[4] Documents contained in the state court file, including Plaintiff's Original Petition and Maxum's Original Answer, are attached as Exhibit "D."[5]

## CITIZENSHIP

### A. PLAINTIFF EL RINCON REGIO, LLC

3. Like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

4. On information and belief, Plaintiff's correct legal name is El Regio Rincon, LLC. Records sourced from the Texas Secretary of State show that El Regio Rincon, LLC is organized in the State of Texas.[6] The latest Public Information Report ("PIR") shows that the mailing address for El Rincon Regio, LLC is located at 2430 E 7th Ave., Mission, Texas 78572-1947.[7] The latest Public Information Report ("PIR") names Alma D. Anguiano and Victor M. Rincon Mendozu as Plaintiff's members and lists their addresses as the E 7th Ave. address.[8]

5. For diversity jurisdiction purposes, Plaintiff is a citizen of Texas.

### B. MAXUM INDEMNITY COMPANY

---

[2] Exhibit B
[3] Exhibit C
[4] Although Maxum requested the state court file, it has not yet been received. Maxum will supplement this removal with a certified copy of the state court file on receipt.
[5] Exhibit D.
[6] Exhibit E at p. 1
[7] Exhibit F at p. 1.
[8] *Id.* at p. 2

6. The Complaint alleges that "Defendant, Maxum Indemnity Company, is a foreign insurance company incorporated in the State of Connecticut, organized under the laws of the State of Connecticut authorized to operate under the laws of the State of Texas, and engaged in the business of insurance in the State of Texas."[9] In fact, Maxum Indemnity Company is a company organized under the laws of Delaware with its principal place of business at 3655 North Point Parkway, Suite 500 Alpharetta, GA 30005 United States. Accordingly, Maxum is a citizen of Delaware and Georgia for diversity jurisdiction purposes.

7. Maxum does not admit the underlying facts as alleged by Plaintiff in the Complaint. Maxum expressly denies any liability to Plaintiff.

### C. JESSICA LOPEZ

8. Lopez's citizenship should be disregarded because Maxum has elected to accept responsibility for any liability Lopez may have with respect to Plaintiff's claims in this action pursuant to §542A.006 of the Texas Insurance Code, such that Plaintiff has no valid cause of action against Lopez in this matter.[10]

### AMOUNT IN CONTROVERSY

9. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[11] Removal is proper if it is "facially apparent" from the complaint that

---

[9] Exhibit D – Complaint at ¶ 2.2.
[10] *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022) ("If the state court's post-filing, pre-removal ruling dismissing an in-state defendant can make a case removable, so too can a § 542A.006 election, which eviscerates any claim against an agent.")
[11] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).

the claims asserted exceed the jurisdictional amount.[12] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[13]

10. The Complaint recites that "Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000."[14]

11. The amount in controversy requirement of 28 U.S.C. § 1332(b) is plainly satisfied based on the allegations contained in the Complaint.

## DIVERSITY JURISDICTION

12. Plaintiff is a Texas citizen. Maxum is a citizen of Delaware and Georgia for purposes of diversity jurisdiction. The citizenship of Lopez should be disregarded because there is no possibility for recovery against her by Plaintiff. There is complete diversity of citizenship between the parties.

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL PROCEDURE

14. Maxum's Notice of Removal, is filed within 30 days of service of Plaintiff's Original Petition, and the Removal is timely under 28 U.S.C. § 1446(b). The clerk of the 430th Judicial District Court of Hidalgo County, Texas has been provided with notice of the Removal.

15. The following related documents are attached to this notice and incorporated here by reference:

    a. Index of matters being filed;

---

[12] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[13] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).
[14] Exhibit D - Complaint at ¶ 1.1.

b. List of all parties and counsel of record;
c. Exhibit A – Service of Lawsuit
d. Exhibit B – Notice of Election of Liability for Defendant Jessica P. Lopez
e. Exhibit C – Letter to Plaintiff's Counsel
f. Exhibit D – Certified Copy of State Court file; and,
g. Exhibit E – Public Record documents in support of removal.
h. Exhibit F – Public Information Report - 2022

## **CONCLUSION**

Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Maxum Indemnity Company removes this case to this Court for trial and final determination.

Respectfully submitted,

*/s/ Martin R. Sadler*
Martin R. Sadler
Texas Bar No.: 00788842
Federal ID No. 18230
sadler@litchfieldcavo.com
LITCHFIELD CAVO, LLP
One Riverway, Suite 1000
Houston, Texas 77056
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

**ATTORNEY-IN-CHARGE FOR DEFENDANT MAXUM INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 4th day of April 2023 a copy of the foregoing has been served on the following counsel of record in this action by electronic transmission, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, as follows:

J. Michael Moore
**MOORE LAW FIRM**
Email: firstpartylit@moore-firm.com
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone: (956) 631-0745
Telecopier: (888) 266-0971

                                               */s/ Martin R. Sadler*
                                               Martin R. Sadler